```
_X_ FILED          ___ RECEIVED
___ ENTERED        ___ SERVED ON
                   COUNSEL/PARTIES OF RECORD

        OCT - 3 2011

     CLERK US DISTRICT COURT
       DISTRICT OF NEVADA
BY: _____ DEPUTY
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SERVER TECHNOLOGY, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN POWER CONVERSION CORPORATION, a Massachusetts corporation,<br><br>Defendant. | Case No. 3:11-CV-00068-ECR-WGC<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Protective Order has been entered by Court.

**Proceedings and Information Governed**

1. This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorney Eyes Only Information" in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information**

2. For purposes of this Protective Order, (a) the "Confidential Information" designation shall mean that the document is comprised of trade secrets or commercial information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed.R.Civ.P. 26(c)(7), or other information required by law or

Page 1

agreement to be kept confidential and (b) the "Confidential Attorney Eyes Only" designation shall mean that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter. Confidential Information and Confidential Attorney Eyes Only Information does not include, and this Protective Order shall not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. Documents and things produced during the course of this litigation within the scope of paragraph 2 (a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY
INFORMATION SUBJECT TO PROTECTIVE ORDER**

A party may designate information disclosed at a deposition as Confidential Information or Confidential Attorney Eyes Only Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have fourteen (14) calendar days after the date of the

deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information or Confidential Attorneys Eyes Only Information. If no such designation is made at the deposition or within such fourteen (14) calendar day period (during which period, the transcript shall be treated as Confidential Attorneys Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorneys Eyes Only Information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate**

4. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations**

5. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the

Page 3

1  designation. If the parties are unable to reach agreement after the expiration of this ten
2  (10) business day timeframe, and after the conference required under Local Rule 37.1, the
3  receiving party may at any time thereafter seek a Court Order to alter the confidential status of
4  the designated information. Until any dispute under this paragraph is ruled upon by the Court,
5  the designation shall remain in full force and effect and the information shall continue to be
6  accorded the confidential treatment required by this Protective Order.

7  **Disclosure and Use of Confidential Information**

8  6.    Information designated as Confidential Information or Confidential Attorney Eyes
9  Only Information may only be used for purposes of preparation, trial and appeal of this action.
10 Confidential Information or Confidential Attorney Eyes Only Information may not be used under
11 any circumstances for prosecuting any patent application, for patent licensing or for any other
12 purpose. No party or non-party shall file or submit for filing as part of the court record any
13 documents under seal [in accordance with LR 10-5(b)] without first obtaining leave of court. Notwithstanding any agreement
14 among the parties, the party seeking to file a paper under seal bears the burden of overcoming the
15 presumption in favor of public access to papers filed in court. See ¶ 13.

16 7.    Subject to paragraph 9 below, Confidential Information may be disclosed by the
17 receiving party only to the following individuals provided that such individuals are informed of
18 the terms of this Protective Order: (a) two (2) employees of the receiving party who are required
19 in good faith to provide assistance in the conduct of this litigation, including any settlement
20 discussions, and who are identified as such in writing to counsel for the designating party in
21 advance of the disclosure; (b) two (2) in-house counsel who are identified by the receiving party;
22 (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c),
23 such as paralegals, legal secretaries, data entry clerks, legal clerks and private photocopying
24 services; (e) experts or consultants; and (f) any persons requested by counsel to furnish services
25 such as document coding, image scanning, mock trial, jury profiling, translation services, court
26

Page 4

1  reporting services, demonstrative exhibit preparation, or the creation of any computer database
2  from documents.

3     8.    Subject to paragraph 9 below, Confidential Attorney Eyes Only Information may
4  be disclosed by the receiving party only to the following individuals provided that such
5  individuals are informed of the terms of this Protective Order: (a) two (2) in-house counsel who
6  are identified by the receiving party; (b) outside counsel for the receiving party; (c) supporting
7  personnel employed by (a) and (b), such as paralegals, legal secretaries, data entry clerks, legal
8  clerks, private photocopying services; (d) experts or consultants; and (e) those individuals
9  designated in paragraph 11(c).

10     9.    Further, prior to disclosing Confidential Information or Confidential Attorney
11  Eyes Only Information to a receiving party's proposed expert, consultant or employees, the
12  receiving party shall provide to the producing party a signed Confidentiality Agreement in the
13  form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant,
14  the expert or consultant's business affiliation, and any current and past consulting relationships
15  in the industry. The producing party shall thereafter have ten (10) business days from receipt of
16  the Confidentiality Agreement to object to any proposed individual. Such objection must be
17  made for good cause and in writing, stating with particularity the reasons for objection. Failure
18  to object within ten (10) business days shall constitute approval. If the parties are unable to
19  resolve any objection, the receiving party may apply to the Court to resolve the matter. There
20  shall be no disclosure to any proposed individual during the ten (10) business day objection
21  period, unless that period is waived by the producing party, or if any objection is made, until the
22  parties have resolved the objection, or the Court has ruled upon any resultant motion.

23     10.    Counsel shall be responsible for the adherence by third-party vendors to the terms
24  and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed
25  Confidentiality Agreement in the form attached as Exhibit B.
26

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

11. Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person, not already allowed access to such information under this Protective Order, if:

the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

counsel for the party designating the material agrees that the material may be disclosed to the person. In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the judge and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information**

12. The existence of this Protective Order shall be disclosed to any person producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things or testimony confidential pursuant to this Protective Order.

**Filing Confidential Information With the Court**

13. Documents designated Confidential Information and Confidential Attorneys Eyes Only, or court papers containing information that has been so designated, shall be filed with the Court in accordance with the LR 10-5(b), or such other policies and procedures adopted by the Court and in effect at the time of the filing.

**No Prejudice**

14. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**Conclusion of Litigation**

15. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information, and to certify to the producing party such destruction or return. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings**

16. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order that may be subject to a motion to disclose another party's information designated Confidential

pursuant to this Protective Order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies**

17. It is Ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully preserved.

18. Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Order.

Respectfully submitted,

| | |
|---|---|
| /s/James E. Hartley | /s/Terrence J. Truax |
| James E. Hartley | Terrence J. Truax |
| HOLLAND & HART LLP | JENNER & BLOCK LLP |
| 555 Seventeenth Street, Suite 3200 | 353 N. Clark Street |
| Denver, Colorado 80202 | Chicago, Illinois 60654 |
| Telephone: 303-295-8000 | Telephone: 312-923-2738 |
| Fax: 303-295-8261 | Fax: 312-527-0484 |
| jhartley@hollandhart.com | ttruax@jenner.com |
| | |
| Robert C. Ryan (Nevada SBN 7164) | William E. Peterson (Nevada SBN 1528) |
| HOLLAND & HART LLP | MORRIS PETERSON |
| 5441 Kietzke Lane, Second Floor | 6100 Neil Rd., Suite 555 |
| Reno, Nevada 89511 | Reno, Nevada 89511 |
| Telephone: 775-327-3000 | Telephone: 775-829-6000 |
| Fax: 877-665-5867 | Fax: 775-829-6001 |
| rcryan@hollandhart.com | wep@morrislawgroup.com |
| | sf@morrislawgroup.com |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant |
| Server Technology, Inc. | American Power Conversion Corporation |

IT IS SO ORDERED:

_William G. Cobb_
William G. Cobb
United States Magistrate Judge

DATED: Oct 3, 2011

Page 8

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SERVER TECHNOLOGY, INC., a Nevada corporation,<br><br>Plaintiff,<br>v.<br><br>AMERICAN POWER CONVERSION CORPORATION, a Massachusetts corporation,<br><br>Defendant. | Case No. 3:11-CV-00068-ECR-WGC<br><br>**CONFIDENTIALITY AGREEMENT FOR EXPERT CONSULTANT OR EMPLOYEES OF ANY PARTY** |

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," or "Confidential Attorney Eyes Only Information," as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

Case 3:11-cv-00068-LRH-WGC   Document 34   Filed 10/03/11   Page 10 of 11
Case 3:11-cv-00068-ECR -WGC   Document 33   Filed 09/30/11   Page 10 of 11

I understand that I am to retain all documents or materials designated as or containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or Confidential Attorney Eyes Only Information are to be returned to counsel who provided me with such documents and materials.

DATED this ___ day of _____, 2011

By: _____

**Exhibit B**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SERVER TECHNOLOGY, INC., a Nevada corporation,<br><br>Plaintiff,<br>v.<br><br>AMERICAN POWER CONVERSION CORPORATION, a Massachusetts corporation,<br><br>Defendant. | Case No. 3:11-CV-00068-ECR-WGC<br><br>**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS** |

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," or "Confidential Attorney Eyes Only Information," as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court.

DATED this ___ day of _____, 2011

By: _____

5090639_1.DOCX