**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

SERVER TECHNOLOGY, INC. (a Nevada ) 3:11-cv-00068-ECR-WGC
corporation),                      )
                                   ) **Order**
　　　Plaintiff,                    )
                                   )
vs.                                )
                                   )
AMERICAN POWER CONVERSION          )
CORPORATION (a Massachusetts       )
corporation),                      )
                                   )
　　　Defendant.                    )
                                   )
_____)

This is an action for patent infringement arising under the patent laws of the United States.  Now pending are Defendant's Motion to Dismiss (#15) and Plaintiff's Motion for Leave to File Second Amended Complaint (#35).

## I. Background

Plaintiff designs and manufactures products relating to computerized data center power management, including intelligent power distribution systems. (Compl. ¶ 4 (#1).)  Plaintiff owns five patents: 1) United States Patent No. 7,368,830 entitled "POLYPHASE POWER DISTRIBUTION AND MONITORING APPARATUS, issued May 6, 2008; 2) U.S. Patent No. 7,414,329 entitled "POLYPHASE POWER DISTRIBUTION AND MONITORING APPARATUS," issued August 19, 2008 ("the '329 Patent"); 3) U.S. Patent No. 7,777,365 entitled "POLYPHASE POWER DISTRIBUTION

AND MONITORING APPARATUS," issued August 17, 2010; 4) U.S. Patent No. 7,268,998 entitled "GANGED OUTLET POWER DISTRIBUTION APPARATUS," issued September 11, 2007; and 5) U.S. Patent No. 7,774,443 entitled "POWER MANAGER CONFIGURATION UPLOAD AND DOWNLOAD METHOD AND SYSTEM FOR NETWORK MANAGERS," issued August 10, 2010(collectively, these five patents are hereinafter referred to as "the STI Patents"). (Id. ¶¶ 5-9.) Plaintiff marks its products with their patent numbers. (Id. ¶ 11.) Defendant makes and sells computerized data center power management devices, power distribution products, and other network infrastructure and network power management products and systems. (Id. ¶ 12.)

On January 28, 2011, Plaintiff filed a complaint (#1) stating five causes of action for infringement, one for each of the STI Patents. Plaintiff filed an amended complaint (#22) on April 28, 2011. Defendant filed its answer and counterclaim (#25) on May 12, 2011. Plaintiff answered (#28) the counterclaim on June 6, 2011.

Defendant filed a Motion to Dismiss (#15) on April 11, 2011. Plaintiff responded (#23) on April 28, 2011, and Defendant replied (#24) on May 9, 2011.

On November 1, 2011, Plaintiff filed an unopposed Motion for Leave to File Second Amended Complaint (#35).

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is to be "freely given when justice so requires." In general, amendment should be allowed with "extreme liberality." Owens v.

Kaiser Found. Health Plan, Inc., 244 F.3d 708 712 (9th Cir. 2001) (quoting Morongo Band of Missions Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).  However, if factors such as undue delay, bad faith, dilatory motive, undue prejudice, or futility of amendment are present, leave to amend may properly be denied in the district court's discretion.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003).  The futility analysis determines whether the proposed amendment would survive a motion to dismiss pursuant to Rule 12(b)(6).  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

    Plaintiff seeks to amend the complaint to add three claims based on three of the STI Patents already named in the original complaint and one claim based on another of its patents not previously named.  The Court finds that none of the factors listed as reasons for denying leave to amend a complaint are present here.  The deadline for amending the pleadings has not yet passed, and Plaintiff has consulted with Defendant and the motion is unopposed.  As leave is to be freely given, Plaintiff will be given an opportunity to submit a second amended complaint.

### III. Conclusion

    Plaintiff timely seeks to amend the complaint for valid purposes, and Defendant has not opposed Plaintiff's motion (#35).

    **IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (#35) is **GRANTED**.  Plaintiff

3

shall have fourteen (14) days within which to file its amended complaint.

   **IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (#15) is **DENIED** as moot.


DATED: December 16, 2011.

*Edward C. Reed*
_____
UNITED STATES DISTRICT JUDGE

4