1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8                              * * *

9    SERVER TECHNOLOGY, INC.,

10         Plaintiff/Counter-Defendant,

11                                              Case No. 3:11-cv-0068-LRH-WGC
     v.
12                                              ORDER
     AMERICAN POWER CONVERSION
13   CORPORATION,

14         Defendant/Counter-Claimant.

15

16         Before the court is plaintiff Server Technology, Inc.'s ("STI") motion for leave to file a

17   third amended complaint. ECF No. 77. Defendant American Power Conversion Corp. ("APC")

18   filed an opposition to the motion (ECF No. 78) to which STI replied (ECF No. 82).

19   I.    Facts and Procedural Background

20         This is a patent infringement action between STI and APC. Both STI and APC

21   manufacture intelligent power distribution units ("PDUs"). On January 28, 2011, STI brought

22   suit against APC alleging that various APC products infringed six different STI patents: United

23   States Patents numbers 7,977,815 ("the 815 patent"), 7,368,830 ("the '830 patent"), 7,414,329

24   ("the '329 patent"), 7,777,365 ("the '365 patent"), 7,268,998 ("the '998 patent"), and 7,774,443

25   ("the '443 patent"). ECF No. 1. STI then filed its first amended complaint on April 28, 2011,

26   (ECF No. 22) followed by a second amended complaint on December 19, 2011 (ECF No. 39).

27   Thereafter, on April 12, 2017, STI filed the present motion for leave to file a third amended

28   complaint. ECF No. 77.

                                              1

## II.    Discussion

Where, as here, a party seeks to amend its complaint after the deadline to amend pleadings, a motion to amend is reviewed under Rule 16 of the Federal Rule of Civil Procedures, which governs the amendment of scheduling orders. Under Rule 16, a court may permit the filing of an amended complaint where the moving party demonstrates good cause. FED. R. CIV. P. 16(b)(4).

Here, the court has reviewed STI's motion and finds that good cause exists to allow STI to file a third amended complaint. Although this action was initially filed in 2011, this action has been dormant by the consent of the parties and the court while the parties litigated a previous patent infringement action between the parties, *Server Tech, Inc. v. Am. Power Conversion Corp*, case no. 3:06-cv-0698-LRH-VPC ("STI I"). Now that the appeal in STI I has been completed, STI seeks to amend its complaint in the present action by dropping five of the six currently-asserted patents, adding two new additional patents to the action, and substituting Schneider Electric IT Corp. ("Schneider") as the true defendant in this action. *See* ECF No. 77.

The court has reviewed STI's proposed third amended complaint, attached to the motion in accordance with Local Rule 15-1(a), and finds that third amended complaint has been proposed in good faith in an effort to narrow the scope of this action and eliminate the need for STI to file a fourth action between the parties covering the two new patents, United States Patent Nos. 9,104,393 ("the '393 patent") and 7,162,521 ("the '521 patent").[1] The two newly asserted patents are within the same general patent family as the originally asserted '443 patent, and, in fact, the '393 patent is a direct continuation of the '443 patent. Thus, rather than require STI to file another action against APC and re-litigate similar issues, the court finds that it would be more efficient to litigate all of the intertwined patents and issues together in a single action rather than splitting the litigation into multiple actions which would unnecessarily duplicate the work by the court and the parties. Further, the court notes that APC does not oppose the filing of the third amended complaint in so far as it excludes five of the six originally asserted patents and the

---

[1] The court notes that there are three currently pending patent infringement actions between the parties before this court: STI I; the present action, STI II; and *Server Tech, Inc. v. Am. Power Conversion Corp*, case no. 3:15-cv-0392-LRH-WGC ("STI III").

2

substitution of Schneider. Rather, APC's only complaint is that it would be prejudiced in defending against the newly asserted patents if a shortened scheduling order was issued. This claimed prejudice, however, is easily cured by allowing STI and APC/Schneider to litigate the third amended complaint pursuant to the standard schedule set forth in the patent local rules. Finally, the court finds that there is no undue delay, bad faith, or dilatory motive on behalf of STI in requesting leave to amend its complaint. Accordingly, the court shall grant STI's motion.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to file third amended complaint (ECF No. 77) is GRANTED. Plaintiff Server Technology, Inc. shall file its proposed third amended complaint attached as Exhibit A to its motion (ECF No. 77, Ex. A) within five (5) days after entry of this order.

IT IS FURTHER ORDERED that the parties shall prepare an appropriate scheduling order in compliance with the Local Patent Rules and submit the same for signature within twenty (20) days after entry of this order.

IT IS SO ORDERED.

DATED this 12 day of May, 2017.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE